IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DARRELL EUGENE HUMPHREY, DH, Minor Child, and SL, Minor Child, | ) ) ) ) | 8:12CV254 |
| Plaintiffs, | ) ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| EMILI BOCKERT, et al., | ) ) | |
| Defendants. | ) | |

Plaintiff[1] filed his Complaint in this matter on July 24, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against five separate Defendants, including the Nebraska Department of Health and Human Services ("NDHHS"), Douglas County, several employees of those entities, and other "Unknown Defendants." (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that, beginning in 2011, Defendants "refused" Plaintiff visitation with his children and "fabricated false charges [without] evidence." (*Id.* at CM/ECF p. 2.) From 2011 to the present,

---

[1] Plaintiff, Darrell Eugene Humphrey, also purports to assert his claims on behalf of his minor children. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's minor children did not sign the Complaint and there is some question regarding whether he may represent them in this matter. However, as set forth below, this matter is dismissed for lack of jurisdiction, and would be dismissed for the same reasons as to Plaintiff's minor children even if they were proper parties.

Plaintiff has "been denied [his] kids and denied a [sic] investigation in the context of an alleged child abuse and neglect." (*Id.*) On June 29, 2012, the State of Nebraska filed a "petition" against Plaintiff that his "court appointed attorney" said is "fraudulent" and will be dismissed. (*Id.* at CM/ECF p. 3.) Plaintiff requests that the court order Defendants to return his children to his "full, physical custody" as soon as possible and award him "9.5 million dollars" for constitutional and other violations. (*Id.* at CM/ECF p. 5.) Plaintiff alleges that he has presented these claims in "Juvenile Court for Douglas County, Nebraska." (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)*. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

In addition, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges Defendants improperly interfered with his relationship with his children, and, through the ongoing state-court juvenile proceedings, falsely accused him of child abuse and neglect and refused him access to his children. (Filing No. 1.) This court is mindful of its obligation to promote comity between state and federal judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Carson P. v. Heineman*, 240 F.R.D. 456, 523-32 (D. Neb. 2007) (finding that "child welfare and protection" is an important state interest and abstaining from jurisdiction where the plaintiffs were involved in separate juvenile proceedings in Nebraska state court in which they could raise their constitutional claims).

Here, Plaintiff requests injunctive relief requiring Defendants to immediately return his children to him and to compensate him. (Filing No. 1.) It is apparent from the Complaint that there is an ongoing state judicial proceeding in Douglas County, Nebraska that implicates the important state interests of the custody, treatment, and

3

safety of Plaintiff's minor children. (*Id.*) Plaintiff has not alleged, nor demonstrated, that those proceedings will not provide him with the opportunity to raise his constitutional claims in that matter.[2] Accordingly, the court will abstain from exercising jurisdiction over Plaintiff's claims. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All pending motions are denied as moot.

---

[2]Indeed, the record shows that Plaintiff may have already raised his claims in the separate state-court proceedings, but the state court denied the claims. (Filing No. 1 at CM/ECF p. 5.) Thus, Plaintiff may be seeking relief from the state court's decision. However, this court is barred from exercising jurisdiction over those final state-court judgments because the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

DATED this 25th day of September, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.